NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4704-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JUAN CASTILLO,

 Defendant-Appellant.
____________________________

 Submitted November 9, 2017 – Decided November 27, 2017

 Before Judges Koblitz and Manahan.

 On appeal from Superior Court of New Jersey,
 Law Division, Union County, Indictment No. 06-
 05-0485.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Thomas K. Isenhour, Acting Union County
 Prosecutor, attorney for respondent (Milton S.
 Leibowitz, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 This matter returns to us after remand. Defendant Juan

Castillo appeals from an order denying his petition for post-
conviction relief (PCR) without oral argument or an evidentiary

hearing. This is defendant's second appeal from a denial of his

PCR. In State v. Castillo, No. A-4022-13 (App. Div. May 23, 2016)

(slip op. at 4), we remanded to "allow the judge to either hear

oral argument and issue a reconsidered decision, or to issue a

statement of reasons why oral argument was denied" per State v.

Parker, 212 N.J. 269 (2012).

 In that opinion, we recited the relevant factual and

procedural history which we restate herein. On May 25, 2006,

defendant was indicted and charged with first-degree murder,

N.J.S.A. 2C:11-3(a)(1) "and/or" (2) (count one); fourth-degree

unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count two);

and third-degree possession of a weapon for an unlawful purpose,

N.J.S.A. 2C:39-4(d) (count three).

 The indictment arose from an incident on the evening of

September 25, 2006, in which defendant was involved in a physical

altercation with another patron outside of a bar in Elizabeth.

The victim with whom defendant had been arguing at the bar prior

to the incident died from stab wounds inflicted during the

altercation.

 On September 11, 2008, defendant was convicted by a jury on

all three counts. On November 21, 2008, the trial judge sentenced

defendant on the murder charge to forty-five years imprisonment,

 2 A-4704-15T4
subject to eighty-five percent parole ineligibility pursuant to

the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2(a). The judge

then merged counts two and three and imposed a concurrent three-

year term on that offense, as well as appropriate fines and

penalties. Defendant appealed, and we affirmed, but remanded for

merger of the remaining weapons offense with the murder conviction.

State v. Castillo, No. A-3067-08 (App. Div. June 28, 2011) (slip op.

at 21-23), certif. denied, 208 N.J. 600 (2011).

 Defendant filed a PCR petition on January 20, 2012, which was

supplemented by appointed counsel. The PCR judge, who was also the

trial and sentencing judge, denied the petition in a written opinion

without oral argument or an evidentiary hearing.

 After remand, the PCR judge, who was the original PCR judge,

issued an amended order and opinion denying the PCR without oral

argument. In addressing the reasons for denying oral argument, the

judge stated:

 The [c]ourt is mindful of the general
 presumption in favor of oral argument for an
 initial petition for post-conviction relief.
 [Parker, supra, 212 N.J. at 282-83]. In this
 case, oral argument would not have been
 helpful. In the instant case, defendant fails
 to articulate a prima facie case in favor of
 relief, and that is clear from a review of the
 trial transcript.

 We again are constrained to remand since we conclude that the

reasons for eschewing oral argument do not satisfy the Parker

 3 A-4704-15T4
paradigm. First, the presumption in favor of oral argument is a

"strong" one, not a "general" one. Second, the conclusory

statement that oral argument "would not have been helpful" fails

to adequately articulate a "statement of reasons that is tailored

to the particular application." Parker, supra, 212 N.J. at 282.

Given that this is the second remand, we exercise original

jurisdiction, pursuant to Rule 2:10-5, for the limited purpose of

ordering that oral argument be provided to defendant. As in our

prior opinion, we do not address the substantive arguments raised

on appeal.

 Remanded. We do not retain jurisdiction.

 4 A-4704-15T4